[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this dissolution action were married at Meriden, Connecticut on October 19, 1952 and the defendant moved out of the family home on October 18, 1987. The parties have three children who are issue of the marriage, and all have reached the age of majority.
The court has jurisdiction in that both parties have lived continuously in the state for at least one year immediately prior to the commencement of this action.
The marriage has broken down irretrievably and there is no prospect of reconciliation.
A decree of dissolution of the marriage shall enter.
In acting on the parties' requests for a distribution of the marital property and for alimony, the court is guided by the following considerations, as set forth in 46b-81 and 82 C.G.S.:
 ". . . the length of the marriage, the cause for the . . . dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties."
Having weighed the evidence in light of all the statutory considerations, the court finds that the defendant was an alcoholic during many years of the marriage but that he never failed to provide for the material needs of his family. Although he has managed to attain sobriety through extensive participation in Alcoholics Anonymous, the adjustments which the plaintiff had to make and the parties' lack of success in re-establishing their relationship led to the breakdown of the marriage in a way that does not lead the court to decide that equity requires the causes for the breakdown to have any substantial effect on the division of property in this very long marriage. CT Page 2944
The defendant's livelihood throughout the marriage has been derived from a sign and crane business, a corporation wholly owned by the defendant, which is a tenant of a property owned by the defendant on South Broad Street in Wallingford. The defendant is able to control the amount of rent to be paid by the business, and he causes the corporation to pay many of his living expenses, including the cost of his leased automobile, medical insurance and life insurance. On the basis of the testimony of the accountant who prepares the tax returns for the sign and crane business, the court finds that the value of the business is $110,000.00.
The value of the family home, which is not mortgaged, is found to be $125,000.00. The equity in the commercial property at South Broad Street is found to be $96,000.00.
The distribution of marital assets shall be as follows:
1. The family home shall be the property of the plaintiff, and the defendant shall take all steps necessary to transfer his interest to her.
2. The commercial property at South Broad Street shall be the property of the defendant.
3. The defendant shall retain all of his ownership interest in the sign and crane corporation, Arnco.
4. The plaintiff shall retain the bank accounts and the IRA listed on her financial affidavit and the personal property and furnishings located at the family home except for the clothing and personal effects of the defendant.
5. The defendant shall retain the trailer home, his IRA's (which total approximately $32,000.00) and the bank accounts listed on his financial affidavit.
6. The defendant shall transfer to the plaintiff gold coins and stock to a value of $102,000.00, with the value of these assets to be determined as of the date of the judgment. The remainder of gold coins and stock after this payment shall be divided equally between the parties.
7. The plaintiff shall be the owner of the automobile now used by her and the defendant shall retain the automobile now used by him.
8. The parties shall take all steps necessary to effectuate CT Page 2945 the transfers ordered above and shall complete the transfers within two weeks of the entry of this judgment. This definite deadline is ordered because of the defendant's past tendency to delay the proceedings because of his haphazard management of his financial affairs.
9. As to the plaintiff's request for alimony, the court finds that the distribution of assets set forth above will result in substantial additional income to her, while the transfer of the assets will result in a corresponding decrease in the defendant's income. Though he reports himself to be "semi-retired," the defendant continues to receive the profits from Arnco, and he is able to work fulltime at his business. In order to allow both parties to continue to live according to their station, and upon weighing the factors set forth in 46b-82 C.G.S., the court finds that an award of alimony in the amount of $150.00 per week is warranted, and the defendant is ordered to pay that amount. This reduction of the amount of alimony ordered pendente lite shall not take effect until the defendant has completed the property transfers set forth above.
10. The defendant has previously been ordered to pay $400.00 in counsel fees incurred by the plaintiff because he failed to prepare an adequate financial affidavit with the result that the trial had to be delayed and additional fees generated for trial preparation. The defendant's refusal to inform himself of his own financial affairs required a much more lengthy and laborious trial and preparation than should have been the case, and it is only equitable to assign the cost of the defendant's conduct to him rather than to the plaintiff. Accordingly, in addition to the order to pay $400.00 of the plaintiff's counsel fees, the defendant shall pay an additional $3,000.00 of those fees to reflect the additional time and expense which his conduct rendered necessary.
BEVERLY J. HODGSON, JUDGE